No. 15-14889

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

EDWARD LEWIS TOBINICK, MD, A MEDICAL CORPORATION d/b/a
INSTITUTE OF NEUROLOGICAL RECOVERY, INR PLLC, d/b/a INSTITUTE
OF NEUROLOGICAL RECOVERY, EDWARD TOBINICK, M.D.,

Appellants/Plaintiffs,

vs.

STEVEN NOVELLA, M.D.,

Appellee/Defendant.

Appeal from the United States District Court
for the Southern District of Florida
West Palm Beach Division

**PLAINTIFFS'-APPELLANTS' OPPOSITION TO THE SOCIETY'S
MOTION TO DISMISS**

Cullin O'Brien
Fla. Bar. No. 0597341
CULLIN O'BRIEN LAW, P.A.
6541 NE 21st Way
Ft. Lauderdale, Florida 33308
Telephone: (561) 676-6370
Fax: (561) 320-0285
cullin@cullinobrienlaw.com

Counsel for Appellants/Plaintiffs

## CERTIFICATE OF INTERESTED PERSONS

To the best of the undersigned's knowledge, he certifies that the certificate of interested persons filed by the Society for Science-Based Medicine, Inc. on November 17, 2015 in this Court is complete. Appellants/Plaintiffs reserve the right to amend and file their own certificate of interested persons.

## CORPORATE DISCLOSURE STATEMENT

1. Appellant/Plaintiff Edward Lewis Tobinick, M.D., a Medical Corporation d/b/a The Institute of Neurological Recovery, is a medical corporation organized under the laws of the State of California.

2. Appellant/Plaintiff INR PLLC d/b/a Institute of Neurological Recovery, is a Florida professional limited liability company.

3. Appellant Edward Tobinick, M.D., is an individual.

# TABLE OF CONTENTS

                                                                         **Page**

I.     INTRODUCTION ................................................................................... 1

II.    ARGUMENT ......................................................................................... 3

        A.     The Society's Request for Dismissal Does Not Appear to Make Sense Since Defendant/Appellee Steven Novella, M.D., Is the Only Party Appellee ............................................................................ 3

        B.     The Society Lacks Standing to Seek Relief from Hypothetical Waiver Issues ..................................................................................... 4

        C.     The Society Seeks What Amounts to an Advisory Ruling from this Court on Issues in the Appeal ...................................................... 5

        D.     The Society Misplaces Reliance on *Morton*, *KH Outdoor*, and *Mendez* ............................................................................................... 7

III.   CONCLUSION ...................................................................................... 8

CERTIFICATE OF SERVICE .................................................................................. 9

Appellants[1] respectfully oppose the motion filed by the Society for Science-Based Medicine, Inc. (the "Society") on January 29, 2015.  Accordingly, Appellants state as follows:

## I.     INTRODUCTION

Appellants' notice of appeal expressly reserved the right to seek review of each of the District Court's orders, [District Court Docs. 293, 296], something which is commonplace. *Toomey v. Wachovia Ins. Servs.*, 450 F.3d 1225, 1228 n.2 (11th Cir. 2006) ("[A]ppeal from a final judgment draws in question all prior non-final orders and rulings which produced the judgment in question all prior non-final orders and rulings. . . .").

Something which is also commonplace, Appellants' initial brief does not seek review of every single District Court order. [*See* Appellant's Initial Brief, (filed Jan. 13, 2016)].  Further, Appellants name Defendant Steven Novella, M.D., as the only party Appellee. [*See*, *e.g.*, Appellants' Initial Brief, at p. i (filed January 13, 2016)]. Appellants did not name the Society as a party appellee.  The Society itself is not a party appellant, party cross-appellant, nor party cross-appellee.

---

[1] Appellants/Plaintiffs are Edward Lewis Tobinick, MD, a Medical Corporation d/b/a Institute of Neurological Recovery, ("INR-California"), INR PLLC, d/b/a Institute of Neurological Recovery, ("INR-Florida"), and Edward Tobinick, M.D., ("Tobinick"), which are collectively referred to herein as "Appellants."

- 1 -

Nevertheless, the Society's instant motion stems from the Society's apparent doubt about the meaning of Appellants' initial brief. First, Society wrongly suggests that Appellants' notice of appeal was under-inclusive. [Society Mot. at pp.7-8, ¶¶11, p. 9, ¶17]. Second, the Society seeks what amounts to an advisory ruling on theoretical issues of waiver in Appellants' forthcoming reply or supplemental briefs. Specifically, the Society states:

> [B]ecause Appellants failed to raise any issues relating to the Society or the district court's grant of summary judgment to the Society in their Initial Brief, any such issues have now been waived by the Appellants. . . Accordingly, the Society respectfully urges this Court to hold that it lacks jurisdiction to review the district court's order granting summary judgment to the Society, and to dismiss the Society as a party to this appeal.

[Society Mot. at p. 10, ¶¶18-19].

This Court should deny the Society's motion, as there appear to be several problems with what the Society seeks from this Court.

## II.     ARGUMENT

### A.     The Society's Request for Dismissal Does Not Appear to Make Sense Since Defendant/Appellee Steven Novella, M.D., Is the Only Party Appellee

As stated above, Appellants' initial brief names Defendant Steven Novella, M.D., as the only party appellee. [*See*, *e.g.*, Initial Brief, at p. i (filed January 13, 2016)]. Thus, it is unclear how the Society is entitled to its request for dismissal when the Society is not named as a party appellee in Appellants' initial brief and is not a party appellant, party cross-appellant, nor party cross-appellee. Regardless, any dismissal or other relief the Society seeks cannot apply to named party Defendant/Appellee Dr. Novella.

For instance, Appellants' initial brief seeks review of certain District Court orders that were designated by Appellants' notice of appeal, including and not limited to the order granting summary judgment in favor of Defendant/Appellant Steven Novella, M.D. [*See* Appellants' Initial Brief (filed January 13, 2016)]. And it is worth reiterating that the Society wrongly suggests that Appellants' notice of appeal is somehow under-inclusive. [Society Mot. at pp.7-8, ¶¶11, p. 9, ¶17].

Appellants' notice of appeal expressly reserved the right to seek review each of the District Court's orders. [District Court Docs. 293, 296 ("This notice of appeal of the final judgment draws in question all prior non-final orders and rulings. . . . . Thus, Plaintiffs are appealing, in its entirety, the order signed on September 30, 2015 and

- 3 -

docketed on October 2, 2015, [Dkt. No. 288], and are appealing all prior orders and other rulings.") (internal quotation omitted)].

Moreover, Appellants' reserved that right to review each of the District Court's orders by operation of law, as this Court stated in *Toomey*,

> Holman and Toomey argue that Wachovia failed to preserve any of its issues for our review because Wachovia's notice of appeal mentions only the final judgment and the Bill of Costs. This argument lacks merit. Indeed, as we have previously stated, an appeal from a final judgment draws in question all prior non-final orders and rulings which produced the judgment.

450 F.3d at 1228 n.2.

Thus, irrespective of the merits of the Society's motion (further discussed below), it cannot have any effect on named Defendant/Appellant Steven Novella, M.D.

### B. The Society Lacks Standing to Seek Relief from Hypothetical Waiver Issues

The Society is asking this Court for what amounts to relief from a nonexistent problem – theorized waiver issues in Appellants' not-yet-even-filed reply or supplemental briefs. Undersigned counsel is not aware of authority that would allow this Court to peremptorily rule on waiver issues in briefs that have not yet been filed. *Cf. Hendrix v. Poonai*, 662 F.2d 719, 722 (11th Cir. 1981) ("We conclude that the appellant's complaint does not present a live controversy, but rather an abstract question based upon the possibility of a factual situation that may never develop.")

- 4 -

(internal citation and quotations omitted); *In re Ciccimaro*, 364 B.R. 184, 190-191 (E.D. Pa. Bkr. 2007) ("Where the debtor offers no such evidence, the dispute is either not ripe, or purely advisory.").

In the case the Society cites, *U.S. v. Curtis*, 380 F.3d 1308 (11th Cir. 2004), this Court rejected a supplemental brief that raised issues outside of the initial brief. *Id.* at 1309-1311. But unlike in *Curtis*, here, there is no supplemental briefing by Appellants at this point. Indeed, Appellants here have not yet even filed a reply brief. Instead, all that has happened thus far regarding the briefing is that Appellants' initial brief seeks review of certain District Court's orders designated by Appellants' notice of appeal.

Moreover, in *Curtis*, this Court did not peremptorily rule on hypothetical issues raised in briefs that had not yet even been filed. Nor does the Society cite a case where that has happened. *Compare*, *e.g.*, *Hendrix*, 662 F.2d at 722 ("We believe that a declaration to this effect would constitute an impermissible opinion advising what the law would be upon a hypothetical state of facts.").

### C. The Society Seeks What Amounts to an Advisory Ruling from this Court on Issues in the Appeal

Guidance from this Court regarding the Society's apparent doubt as to the meaning of Appellants' initial brief would likely be an advisory ruling. *See*, *e.g.*, *Church of Scientology Flag Service Org., v. City of Clearwater*, 777 F.2d 598, 608

(11th Cir. 1985) ("Aside from the constitutional prohibition against the rendering of advisory opinions, it would be unwise for us to establish part of the law of the case at this time. Such a decision could present difficulties for the district court and the parties beyond our ability to foresee as the case proceeds to a determination on the merits.").

Advisory rulings appear to be beyond a federal court's power even if they assist litigants. *Cf. Oldham v. Am. Civ. Lib. Union Found. of Tenn.*, 849 F. Supp. 611, 614 (M.D. Tenn. 1994) ("All persons who make decisions affecting the legal rights of others would benefit from legal advice. However, it is the role of lawyers, not courts, to render such guidance."); *Law v. Ernst & Young*, 956 F.2d 364, 367 (1st Cir. 1992) ("It is not the function of an appellate court to issue advisory opinions in order to help parties to a proceeding before it enforce their legal rights in some other tribunal.").

Thus, it does not appear that the Society can obtain the guidance it seeks from this Court regarding the meaning of Appellants' initial brief. *Compare*, *e.g.*, *In re El*, No. 14–1021, 553 Fed.Appx. 113, 115 (3d Cir. Jan. 27, 2014) ("He does not have a right to an advisory opinion by us on the merits, or lack thereof, of Moorish treaties or the other issues he raised."); *In re Bradlees, Inc.*, No. 04 Civ. 5500(HB), 2005 WL 106794, at *5 (S.D. Fla. Jan. 19, 2005) ("Vornado seeks to have this and/or the Bankruptcy Court declare the meaning of the February 6 Order as applied to another

dispute-to state its preclusive effects. This, as Stop & Shop has argued, is firmly prohibited.").

### D. The Society Misplaces Reliance on *Morton*, *KH Outdoor*, and *Mendez*

The Society cites three cases in support of its request for an advisory ruling from this Court as to the meaning of Appellants' initial brief, *Morton v. Cowart*, 631 F.3d 1337 (11th Cir. 2011), *KH Outdoor, LLC v. City of Trussville*, 465 F.3d 1256 (11th Cir. 2006), and *Mendez v. Jarden Corp.*, No. 12–11795, 503 Fed.App'x 930 (11th Cir. 2013). None of the cases support the Society's request.

In *Morton*, this Court did not allow review of the dismissal of §1983 claims raised in an opening brief because the orders were excluded from the appellant's notice of appeal. 631 F.3d at 1340, n. 2. That is not at issue here. In contrast to *Morton*, here, Appellants' initial brief seeks review of District Court's orders that were designated by Appellants' notice of appeal.

In *KH Outdoor*, this Court allowed appellate review of an entire order, only part of which was described in the notice of appeal. 465 F.3d at 1259-1260. The *KH Outdoor* court found that the appellant's intent to appeal the entire order was evident from the conduct of the parties, the prior appeal and the prior notice of appeal. *Id.* at 1260. Again, that is not the issue here because, as stated above, Appellants' initial

- 7 -

brief here seeks review of the District Court's orders that were designated by Appellants' notice of appeal.

In *Mendez*, this Court liberally construed a notice of appeal to allow for review of certain orders not specifically stated in the notice. 503 Fed.Appx. at 934. The *Mendez* court found that the appellant had the requisite intent to seek review of those orders. *Id.* Moreover, the *Mendez* court's ruling came after all of the briefing was complete, *id.* at 934-935, as did the rulings in *Morton*, 631 F.3d at 1339, and *KH Outdoor*, 465 F.3d at 1258. In contrast to those cases, and as stated above, the briefing is not complete here and, as the authorities cited above suggest, it does not appear that the Society is entitled to an advisory ruling on theoretical issues of waiver in briefs that have not yet been filed or on the meaning of Appellants' initial brief.

## III.  CONCLUSION

WHEREFORE, for the foregoing reasons, Appellants ask this Court to deny the Society's motion.

Respectfully submitted,

*/s/ Cullin O'Brien*
Cullin O'Brien
Fla. Bar No. 0597341
CULLIN O'BRIEN LAW, P.A.
6541 NE 21st Way
Ft. Lauderdale, FL 33308
T: (561) 676-6370
F: (561) 320-0285
cullin@cullinobrienlaw.com

*Counsel for Plaintiffs/Appellants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 5, 2016, a true and correct copy of the foregoing was served on the following by CM/ECF:

Marc J. Randazza
Randazza Legal Group
4035 S. El Capitan Way
Las Vegas, NV 89147
702.420.2001

Scott Allan Cole
Alexandra Valdes Cole Scott & Kissane, PA 9150
S. Dadeland Blvd., Ste.
1400 Miami, FL 33156-7855
305-350-5346

*/s/ Cullin O'Brien*
Cullin O'Brien